IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 3:23-cr-180-ECM |
| | ) |
| JEFFREY MONKENTEE HILL | ) |
| CARSTAVIOUS SHADON STOVALL | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Jeffrey Monkeetee Hill's motion to continue trial (doc. 30) and Defendant Carstavious Shadon Stovall's motion to continue trial (doc. 29) and motion to continue pretrial deadlines (doc. 28) filed on July 19, 2023. Jury selection and trial are presently set on the term of court commencing on August 7, 2023. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant Hill represents to the Court that additional time is needed to pursue pretrial motions[1] and to further investigate this case. Counsel for Defendant Stovall represents that additional time is necessary to review discovery and seek a resolution that will obviate the need for a trial. The United States does not oppose a continuance. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial. Thus, for good cause, it is

ORDERED that the motions to continue (doc. 29 and 30) are GRANTED, and jury selection and trial are CONTINUED from August 7, 2023, to the criminal term of court set to commence on November 13, 2023, at 10:00 a.m. in Opelika, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the November trial term. It is further

---

[1] In his motion to continue trial, Defendant Hill also moved to file a motion to suppress out of time. That motion is not before the undersigned. The Magistrate Judge will rule on that motion by separate order.

ORDERED that the motion to continue pretrial deadlines (doc. 28) is DENIED as moot.

Done this 19th day of July, 2023.

                                        /s/Emily C. Marks  
                                  EMILY C. MARKS  
                                  CHIEF UNITED STATES DISTRICT JUDGE