IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:23-cr-180-ECM |
| | ) | |
| JEFFREY MONKENTEE HILL | ) | |

**O R D E R**

Now pending before the Court is the Defendant's *pro se* motion requesting copies of all transcripts and other court records. (Doc. 152).

Section 753(f) provides that the Government shall pay the fees "for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis" if the court certifies that the suit is not frivolous and that the transcripts are "needed to decide the issue presented by the suit." "Section 753(f) provides for transcripts only in 'proceedings brought under section 2255'; but no such proceeding exists until a § 2255 motion is filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998). The Defendant represents that he needs the requested documents so that he can file a § 2255 motion. (Doc. 152). However, he has yet to file any such motion. As the Court previously explained (*see* doc. 150), the Defendant is not entitled to free copies of transcripts or other court records under these circumstances. *See Horvath*, 157 F.3d at 132 (concluding that, "[b]ased on the plain language and necessary operation of the statute," a motion for free transcripts "pursuant to § 753(f) is not ripe until a § 2255 motion has been filed"); *cf. Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) (per curiam) (holding that "only where a [federal habeas] petitioner . . . has been granted leave to

proceed in forma pauperis and his application is pending before the court is that petitioner to be furnished copies of court records without costs").[1] Moreover, given the Court's recent Order directing defense counsel to make arrangements to provide the Defendant with a copy of the case file, the Court anticipates that the Defendant may soon receive many of the documents his motion requests.

Accordingly, it is

ORDERED that the Defendant's motion for copies (doc. 152) is DENIED. If the Defendant wishes to receive copies of any documents on the docket sheet, he may do so upon prepayment of $0.50 per page. It is his responsibility to make the necessary payment arrangements with the account clerk at the institution in which he is presently incarcerated. Upon receipt of the necessary copying fees, the Clerk of the Court shall mail to the Defendant copies of the requested documents.

DONE this 14th day of August, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.